**4**

**QIN FANG ZHANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL Michael B. MUKASEY,[1] U.S. Board of Immigration Appeals, and U.S. BCIS Trial Unit, Respondents.**

No. 06–5261–ag.

United States Court of Appeals, Second Circuit.

Dec. 28, 2007.

Qin Fang, Zhang, pro se, Ozone Park, NY, for Petitioner.

Michael B. Mukasey, United States Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for Respondents.

Present ROGER J. MINER, JOHN M. WALKER, JR., and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qin Fang Zhang, a native and citizen of the People's Republic of China, seeks review of an October 16, 2006 order of the BIA, denying her motion to reopen her removal proceedings. *In re Qin Fang Zhang*, No. A78–953–749 (B.I.A. Oct. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

We conclude that the BIA did not abuse its discretion when it denied Zhang's motion to reopen.[2] In support of her motion, Zhang provided affidavits from her uncle and aunt and a number of newspaper articles, but, as the BIA found, she failed to explain why this information was not available at the time of her hearing. Because there is no apparent reason why Zhang could not have presented such evidence during her removal proceedings, we find that the BIA's denial of Zhang's motion to reopen was proper in this respect. *See* 8 C.F.R. § 1003.2(c)(1) (2005).

As the BIA noted, the one new development in Zhang's case following the BIA's original decision was that she apparently gave birth to a second child in the United States. However, after analyzing the evidence provided by Zhang, the BIA concluded that she had failed to "persuasively establish that Chinese citizens who return to the Fujian Province with United States-born children are being subjected to forcible sterilization." Indeed, we find that evidence of country conditions specific to Zhang's situation is absent from the record. Moreover, Zhang neither challenges the reasoning of the BIA's decision, nor does she otherwise explain how "the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34. Therefore, the BIA did not abuse its discretion in denying Zhang's motion to reopen based on her second U.S.-born child.

Finally, we agree with the BIA that Zheng's failure to comply with the requirements of *Matter of Lozada* was fatal to her ineffective assistance of counsel claim. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005) (finding that failure to comply with the requirements set forth in *Matter of Lozada* constitutes forfeiture of the ineffective assistance of counsel claim).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** As the Government correctly observes, Zhang's brief to this Court largely reiterates the arguments she made in her motion without challenging in any meaningful way the BIA's reasoning in denying that motion. However, construing Zhang's pro se brief broadly, we review her arguments as a challenge to the BIA's decision. *See Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002) (in the context of a motion to dismiss, construing *pro se* plaintiff's pleadings so as to raise "the strongest arguments that they suggest").